# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>　　　　　Plaintiff,<br>v.<br>Jose Trinidad Aispuro-Medina,<br>　　　　　Defendant. | No.  4: 16-CR-1137-TUC-JAS (EJM)<br><br>**ORDER** |

　　　　Pending before the Court are various pre-trial evidentiary issues and a Report and Recommendation from United States Magistrate Judge Eric J. Markovich.  The Court has considered the briefs and heard oral argument on October 19th, 2016.

<u>GOVERNMENT'S NOTICE OF INTENT TO USE 404(b) MATERIAL</u>

　　　　The Government filed a Notice of its intent to use 404(b) material, and the Defendant opposed.  In particular, the Government intends to use Defendant's two prior misdemeanor judgments for illegal entry in violation of 8 U.S.C. § 1325 to prove knowledge, intent, and alienage.  In similar circumstances where the defendant was prosecuted for illegal reentry after deportation, the Ninth Circuit found that such evidence was highly relevant, and that its probative value outweighed any prejudice where limiting instructions were given to the jury.  *See United States v. Higuera-Llasmos*, 574 F.3d 1206, 1209-10 (9th Cir. 2009) ("Alienage is a specific element of this offense, and the government must prove alienage beyond a reasonable doubt . . . A previous conviction under 8 U.S.C. § 1326(a) establishes that a defendant was an alien at the time of that

conviction, and is therefore relevant and highly probative of alienage for the current 8 U.S.C. § 1326 charge . . . [The probative value of such evidence outweighs any prejudice especially where] . . . the judgment and commitment was redacted so as to eliminate all information regarding sentencing and any other miscellaneous, irrelevant information . . . [T]he district court informed the jury that the judgment was to be considered only for the limited purpose of proving alienage [and] while instructing the jury at the close of trial, the district court reiterated that the judgment may only be considered as to the issue of alienage."). To limit the prejudice to Defendant, the Government is ordered to redact any irrelevant information, including sentencing and other miscellaneous information. With that limitation, the Government will be permitted to use the previous convictions for the limited purpose of proving Defendant's alienage.

LIMITING EXPERT WITNESS TESTIMONY

The parties dispute the extent to which one of the Government's witnesses may testify as to his previous experience working in foreign countries. As Rule 703 explains, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted." Fed. R. Evid. 703. The Court will make any necessary rulings at trial during questioning of the expert witness to limit testimony to what is allowed under Rule 703.

REPORT AND RECOMMENDATION

Magistrate Judge Markovich issued a Report and Recommendation (Doc. 38) addressing three issues. Defendant filed an Objection (Doc. 50) which addressed two of those issues. The Court reviews de novo the objected-to portions of the Report and does not review the unobjected-to portion. 28 U.S.C. § 636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

After reviewing the Report, Defendant's Objections, and the Government's Response, the Court adopts the correct reasoning of the Report. Count One of the

Indictment tracks the statutory language of 21 U.S.C. § 846 and specifies sufficient details of the conspiracy to inform Defendant of the charges against him pursuant to the requirements of Due Process in the Fifth Amendment. *See United States v. Forrester*, 616 F.3d 929, 940 (9th Cir. 2010). Neither party nor the Report identified a published Ninth Circuit case which directly addressed whether the Government must name multiple defendants to support a conspiracy charge, but multiple other Circuits have held recently that such a detail is unnecessary. *See United States v. Thomas*, 348 F.3d 78 (5th Cir. 2003); *United States v. Huggans*, 650 F.3d 1210 (8th Cir. 2011). Likewise, the Ninth Circuit has held that similar language in an Indictment was sufficient in an unpublished decision. *See United States v. Yeomans*, 1992 WL 212329 (9th Cir. 1992) (unpublished). The Court finds, as did the courts in those cases, that the Indictment in this case, taken as a whole, sufficiently informed Defendant of the charges against him.

The Court also adopts the correct reasoning of the Report in denying the Motion to Dismiss for Vindictive Prosecution. The timing of the additional charge – Illegal Reentry of a Removed Alien – does not give rise to a presumption of vindictiveness because it appears to have arisen naturally as part of the pretrial, plea-bargaining process or as an outgrowth of failed plea bargaining. In these circumstances, it does not appear as if the prosecutors added the charged vindictively. *See United States v. Goodwin*, 457 U.S. 368, 380-81 (1982); *United States v. Gamez-Orduno*, 235 F.3d 453, 462 (9th Cir. 2000).

CONCLUSION

The Report and Recommendation (Doc. 38) is adopted. The Government will be allowed to use redacted versions of Defendant's prior convictions as discussed above. The Court will contain the Government's expert witness pursuant to Federal Rule of Evidence 703, with specifics to be determined at trial during the witness's testimony.

Dated this 21st day of October, 2016.

                          Honorable James A. Soto
                          United States District Judge